IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DARREL CHANDLER                                                                 PLAINTIFF

V.                                          NO. 12-3017

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Darrel Chandler, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on August 21, 2009, alleging an inability to work since March 1, 2009, due to "Lower back, neck injury, migraines." (Tr. 179, 199-200). An administrative hearing was held on June 29, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 25-48).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

By written decision dated August 15, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - degenerative disk disease of the cervical spine and left ulnar nerve compression. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work, and with the help of a vocational expert (VE), determined Plaintiff was capable of performing his past relevant work as a parking valet. (Tr. 14, 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on December 20, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6, 8).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports

AO72A
(Rev. 8/82)

the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in finding Plaintiff had the RFC to perform light work; 2) The ALJ erred in failing to properly evaluate Plaintiff's mental impairments and resulting functional limitations; and 3) The ALJ erred in failing to pose a complete hypothetical question to the VE. (Doc. 6).

#### A.  RFC Assessment:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ in this case discussed Plaintiff's various impairments as well as Plaintiff's

testimony of his limitations. He stated that he took Plaintiff's testimony and written statements into account when he found Plaintiff would be able to perform a full range of light work, meaning that he had the capacity to lift and carry and push and pull 20 pounds occasionally and 10 pounds frequently. (Tr. 16). He further stated:

> The lifting requirement in the majority of light work is accomplished with occasional, rather than frequent, stooping. In light work, the arms and hands are used to grasp, hold and turn objects, but they generally do not require use of the fingers for fine activities to the extent required in much sedentary work. He can stand and walk for up to six hours during an eight-hour day and sit for up to six hours during an eight-hour day. With many unskilled jobs, the ability to stand is more important that the ability to walk, and relatively few unskilled light jobs are done in a seated position. (SSR 83-10).

(Tr. 16). The ALJ further addressed the medical records of Plaintiff's treating physician, Dr. Spaniol, noting that Dr. Spaniol indicated in September 10, 2009, that Plaintiff could return to the essential functions of his job, but he could not lift more than 25 pounds and had to avoid repetitive bending and twisting at the waist and repetitive strenuous grasping, pulling and pushing with his arms. (Tr. 16). Dr. Spaniol reported in August and September of 2009 that Plaintiff had good grip strength. (Tr. 16, 302, 304). The ALJ also noted that Dr. Emilio M. Nardone, who also saw Plaintiff, only recommended conservative treatment, meaning physical therapy with traction and exercise. (Tr. 16).

The ALJ gave Dr. Spaniol's opinion substantial weight, and discounted the opinion of the State agency non-examining physician, who, on December 28, 2009, stated in a Physical RFC Assessment that Plaintiff was capable of performing medium work with certain limitations. (Tr. 17, 318-325).

The Court finds that the ALJ properly considered all of the relevant evidence in the

record and that there is substantial evidence to support the ALJ's RFC finding that Plaintiff was capable of performing light work. Thus, the Plaintiff would be able to return to his past relevant work as a parking valet, which was defined by the VE as light, unskilled work.

The Court therefore is of the opinion that there is substantial evidence to support the ALJ's RFC finding.

**B.     Mental Impairments:**

Plaintiff argues that the ALJ erred in finding that Plaintiff's alleged depression was not a severe impairment. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

Plaintiff reported that he was able to drive, prepare meals, shop in stores, perform some household cleaning, do laundry, walk, chat online and search the internet, take care of pets, care for his personal grooming, and check for jobs with e-mails and phone calls. (Tr. 13, 16-17, 237-44, 261-68). Plaintiff was not taking any medication for his depression at the time of the hearing, and stated that he had not had the financial ability to get any type of medical treatment for his mental impairments, and was no longer under a doctor's care. (Tr. 48). However, Plaintiff was still able to afford to smoke anywhere from 1 to 1 ½ packs of cigarettes per day. Furthermore, Plaintiff did not list depression as a condition that limited his ability to work, which is

significant, even if the evidence of depression was later developed. Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001).

In addition, contrary to Plaintiff's argument, the ALJ properly followed the psychiatric review technique outlined in the regulations. (Tr. 13-14). The ALJ also addressed the Global Assessment of Functioning (GAF) score Dr. Alvin E. House gave Plaintiff of 35. He stated that a GAF score is a one-time snap shot of the claimant's functioning, and that the symptoms associated with a GAF score of 35 were not consistent with the activities described in Plaintiff's function report. (Tr. 13). The Court agrees.

Based upon the foregoing, as well as the reasons given in Defendant's well-reasoned brief, the Court finds that there is substantial evidence to support the ALJ's finding that Plaintiff's alleged mental impairment was nonsevere.

**C. Hypothetical Question to the VE:**

Plaintiff argues that at the hearing, the ALJ failed to ask the VE any questions about Plaintiff's limitations, and simply allowed the VE to list several job titles from Plaintiff's work history. (Doc. 6 at p. 17). At the hearing, Plaintiff testified that as a bellman for American Valet Management, he was a bellman for a casino, and also valeted all of the hotel guest vehicles. (Tr. 30). He stated that he also handled their luggage, escorted them to the rooms, and catered to whatever requests they wanted him to do. (Tr. 30). The VE then testified that a bellman position was classified as heavy, unskilled, and that a parking valet position was considered light, unskilled. (Tr. 32). The ALJ further found that the requirements of the parking valet job, as set out by the VE, were within Plaintiff's RFC, and that Plaintiff was able to perform the parking valet job as actually and generally performed. (Tr. 17).

As noted by Defendant, an ALJ may rely on the testimony by a VE to show the demands of a claimant's past relevant work. <u>Eichelberger v. Barnhart</u>, 390 F.3d 584, 591 (8th Cir. 2004).

For these reasons, as well as those given in Defendant's well-reasoned brief, the Court believes that there is substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing past relevant work as a parking valet.

**IV.     Conclusion:**

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's decision and accordingly, hereby affirms the ALJ's decision and dismisses Plaintiff's case with prejudice.

DATED this 28th day of February, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)